CHISHOLM et al. v. RANDOLPH CANNING CO.

(Circuit Court, E. D. Wisconsin. December 15, 1904.)

1. PATENTS—ANTICIPATION—METHOD OF HULLING PEAS.

The Chisholm patent, No. 421,244, for a method of hulling peas, *held* valid, as against the claim of anticipation by the Faure French patent of May 15, 1883, and the first certificate of addition thereto—it being shown that the Faure machine is incapable of performing the operation of hulling by impact, which is the method of the Chisholm patent; also, *held* infringed.

In Equity. On final hearing of bill alleging infringement of letters patent No. 421,244, issued to Chisholm & Chisholm February 11, 1890, for a "method of hulling peas."

Gustav Bissing, for complainants.

R. S. Taylor, for defendant.

SEAMAN, District Judge. The patent in suit discloses means and process for hulling peas which have entered into general use, and given great impetus to the pea-canning industry in this country. With its utility and importance as an advance in that art conceded, the validity of the patent is assailed upon the ground of anticipation by the French patent of Mme. Faure, and its "first certificate of addition" (1883); and the majority opinion of the Circuit Court of Appeals in the Johnson Case, 115 Fed. 625, 53 C. C. A. 123, sustains this contention. The fact appeared in the Johnson Case, and is uncontroverted in the present record, that the hulling of green peas for commercial uses had long been attempted by various machines, but none had proved successful prior to the device of the Chisholms, for which letters patent No. 421,244 were granted, so that substantially all hulling in the canning factories was carried on by hand labor. The patented device was for a method of hulling by impact with beaters, moving at a fixed and moderate speed, so arranged that the pods dropping upon the beaters were struck with sufficient force to burst the pods by means of the air contained therein, without injury to the tender berries. This method solved the problem, entered into general use, and the machine performs the labor of many hands with excellent results. In the face of this history, patentable invention can be denied only upon convincing proof

that the patentees were clearly anticipated in their disclosure of this useful conception. But if such anticipation appears, it is unquestionable that no monopoly can be granted for the process thus brought into commercial use.

The decision referred to rests on this deduction in reference to the Faure patent, as stated in the opinion:

"The great fact is that she (Mme. Faure) devised and described a machine for hulling green peas, capable of operating by impact, and incapable of operating (at least, to any considerable extent) in any other way. The organization of the Faure machine, and the speed of its beaters, are such as to render hulling by abrasion practically impossible. In the nature of the case, the operation of the Faure machine is by impact. This is the principle of the apparatus."

If the Faure disclosures are of the effect thus premised, no escape would appear from the conclusion there reached against the validity of the patent. Proofs are furnished, however, in the present record —which were entirely wanting in the Johnson Case—of repeated experiments with a Faure machine, wherein it was practically demonstrated that it was not adapted to perform the patent operation of hulling by impact. While it is true that the resemblance in the general form of the machines is striking, it is obvious from the descriptions given by Mme. Faure that she had no conception of the impact method which was discovered by the Chisholms. As it now appears that her device is incapable of its practical performance, I am of opinion that it constitutes no bar to the claims of invention in the Chisholm patent.

Upon the oral argument I was interested in the question thus involved, and have examined the testimony with care, and the briefs submitted thereupon. My inclination was to review both devices, in an opinion expressing my views as the basis of a decree, but other duties interfered before the final briefs came to hand, and I deem it just to all parties to enter decree in conformity with these conclusions, without further remarks upon the validity of the patent.

The defendant's "viner" machine plainly infringes the patent, upon the construction thus adopted, as I view the testimony, and decree will pass upon the bill accordingly.