CHISHOLM et al. v. CANASTOTA CANNING CO.

(Circuit Court, N. D. New York. February 3, 1905.)

No. 6,940.

PATENTS—ANTICIPATION—METHOD OF HULLING PEAS.

The Chisholm patent, No. 421,244, for a method of hulling peas, *held* not anticipated, valid, and infringed.

In Equity. The bill of complaint herein alleges infringement of United States letters patent No. 421,244, granted February 11, 1890, to Charles P. Chisholm and John A. Chisholm, for improvements in the method of hulling peas.

Gustav Bissing (of counsel), for complainants.
R. S. Taylor, for defendant.

RAY, District Judge. The main defense relied upon by the defendant is that the patent was anticipated by a French patent to Mme. Faure, and its first certificate of addition in 1883. In the case of Chisholm et al. v. Johnson, in the Third Circuit, the question was up, and the Circuit Court found that the patent in question here, granted to Chisholm & Chisholm, was valid, and had not been anticipated, and also found infringement. See Chisholm v. Johnson, 106 Fed. 191. The Circuit Court of Appeals reversed that decision, holding that anticipation had been shown. See 115 Fed. 625, 53 C. C. A. 123. In that case, Gray, J., dissented. This court would be inclined to follow the decision in the Johnson Case, Third Circuit, if the decision of this case rested upon the same evidence adduced in the Johnson Case. Such is not the fact. Considerable additional evidence is presented by the record in the case before this court, and the conclusion is inevitable that the decision of the Circuit Court of Appeals in the Johnson Case would have been different, had the additional evidence now produced been before it.

Since that decision was rendered, these same questions have been up in the United States Circuit Court for the Eastern District of Wisconsin (Chisholm et al. v. The Randolph Canning Co., 135 Fed. 815), and also again in the Circuit Court of the United States for the District of Delaware (Chisholm et al. v. Fleming & Fleming, 133 Fed. 924). The evidence now before this court was there presented. In the Randolph Canning Co. Case, Judge Seaman has written quite an elaborate opinion, affirming the validity of the patent, finding infringement, and holding no anticipation. In the Fleming Case, above mentioned, Judge Bradford has written an elaborate opinion, quoting largely from the dissenting opinion of Judge Gray; and he sustains the patent in suit, and holds infringement, and also holds that the Faure patent was not an anticipation.

I have examined carefully the opinion of the Circuit Court of Appeals in the Johnson Case, and these later opinions of Judges Seaman and Bradford, also the record before the court in the Johnson Case, and the additional evidence produced in the case at bar, and concur in the recent opinions of Judges Seaman and Bradford. These opinions will undoubtedly be reported, and it is therefore unnecessary for this court to go into details, or give at length reasons for its opinion. This court had the impression on the argument that the Faure patent did not anticipate the patent in suit, and was also of the opinion that infringement was clearly shown. The later examination given the case at different times, and a consideration of the opinions referred to, have confirmed those impressions. The Faure invention was not designed or intended to shell peas by impact. It was not constructed for such a purpose. It was intended to shell peas by abrasion, and did. If any of the peas were shelled by impact, such shelling in that mode was incidental, and we might say accidental. The construction of the machine prevented the shelling by impact of any considerable quantity of the peas put in the machine. It is, of course, true that Mme. Faure was entitled to have her machine considered an invention for the

135 F.—52

shelling of peas by impact, if it shelled peas in that mode, even though she did not know the fact, and supposed the shelling was done by abrasion. The truth is that her machine was what she supposed it to be, and was not a machine that operated to shell peas by impact, as does the defendant's. The construction of the two machines is different, the operation is different, the results—that is, the effects upon the pea pods—are different. ·

I find and hold that the complainants' patent in suit is valid, and was not anticipated. I also find infringement by the defendant. The complainants are entitled to a decree accordingly, with costs.